| | |
|---|---|
| 1 | Randall J. Sunshine, Esq. (SBN: 137363) |
| | rsunshine@linerlaw.com |
| 2 | Angela C. Agrusa, Esq. (SBN: 131337) |
| | aagrusa@linerlaw.com |
| 3 | David B. Farkas, Esq. (SBN: 257137) |
| | dfarkas@linerlaw.com |
| 4 | LINER GRODE STEIN YANKELEVITZ |
| | SUNSHINE REGENSTREIF & TAYLOR LLP |
| 5 | 1100 Glendon Avenue, 14th Floor |
| | Los Angeles, California 90024-3503 |
| 6 | Telephone: (310) 500-3500 |
| | Facsimile: (310) 500-3501 |
| 7 | |
| | Attorneys for Defendants |
| 8 | Doubletree Management LLC and Doubletree DTWC LLC |

FILED 2012 SE 21 A 9:30
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

DMR

LATROYA SIMPSON, individually and on behalf of a class of similarly situated individuals,

    Plaintiff,

v.

DOUBLETREE MANAGEMENT LLC; DOUBLETREE DTWC LLC; and DOES 1 through 10, inclusive,

    Defendants.

Case No. C12 4928

**NOTICE OF REMOVAL OF CIVIL ACTION**

[28 U.S.C. sections 1332(d), 1441, 1446 and 1453]

FILE VIA FAX

---

NOTICE OF REMOVAL OF CIVIL ACTION

41222/018/ 1002610v1.6

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendants Doubletree Management LLC and Doubletree DTWC LLC ("Defendants"), contemporaneously with the filing of this Notice, are effecting the removal of the action described below from the Superior Court of the State of California for the County of Contra Costa to the United States District Court for the Northern District of California.

On or about July 3, 2012, Plaintiff LATROYA SIMPSON ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Contra Costa entitled, *LATROYA SIMPSON, individually and on behalf of a class of similarly situated individuals v. DOUBLETREE MANAGEMENT LLC; DOUBLETREE DTWC LLC and DOES 1 through 10, inclusive*, Case No. C12-01633 (the "State Action"). Attached hereto as Exhibit "A" are true and correct copies of the Complaint and State Civil Case Cover Sheet (collectively, the "Complaint").

2. Exhibit "A" constitutes all the process, pleadings, notices, and orders delivered to any party in the State Action, and are hereby incorporated by reference.

3. On August 27, 2012, Defendants were served with the Complaint via its registered agent for service of process. Accordingly, this Notice of Removal is timely, as it is filed within thirty (30) days of Defendants' receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

4. **Federal Diversity Jurisdiction Exists Under the Class Action Fairness Act of 2005 ("CAFA")**. This Action is a civil action which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441, and 1453 in that the matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332(d), and is a class action in which, at the time the Complaint was filed and at the time of this removal, any

member of a class of plaintiffs is a citizen of a state different from any defendant, as shown in more detail below.[1] CAFA provides that a class action against a non-governmental entity may be removed if (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy, exclusive of interest and costs, exceeds the amount set forth in 28 U.S.C. § 1332(d).

5. **Matter in Controversy in Excess of $5,000,000:** In the Complaint, Plaintiff alleges that from February through July 2011 and in September 2011, she called "1-800-222-Tree" allegedly operated by Defendants to "inquire about hotel rates and/or to make a reservation." Complaint ¶¶ 13, 17. Plaintiff contends that her telephone calls were recorded in violation of Penal Code section 632.7. Complaint ¶¶ 18, 38. Plaintiff alleges that Defendants had "a policy and practice of using a telephone system that enabled [it] to surreptitiously record and/or monitor conversations between Plaintiff and Class members using cellular or cordless telephones and the Doubletree central reservations call center." Complaint ¶ 35. Plaintiff seeks statutory damages pursuant to Penal Code § 637.2 in the amount of $5,000 per violation for "[a]ll California residents who, at any time during the applicable limitations period . . . participated in one or more telephone conversations with the Doubletree central reservations call center from a cellular or cordless telephone located in California and whose calls with the Doubletree central reservations call center were recorded and/or monitored by Defendants surreptitiously or without disclosure." Complaint ¶¶ 20, 38.

---

[1] This Notice of Removal is based on the allegations of the Complaint. In arguing that Plaintiff has alleged facts sufficient to demonstrate removability under CAFA, Defendant does not admit any of Plaintiff's allegations in the Complaint. Defendant does not admit that the Complaint states a claim upon which relief may be granted, nor does Defendant admit that Plaintiff is entitled to any damages, class certification, or any of the other relief requested in the Complaint.

6. During the applicable statute of limitations period, Defendants received well in excess of 1,000 incoming calls from California residents from well over 100 different telephone numbers. Thus, the Complaint alleges a class of over one hundred potential members. The $5 million jurisdictional minimum required to remove a complaint under CAFA may be based on aggregation of the claims of all potential class members. 28 U.S.C. § 1332(d). Accordingly, this action is removable under CAFA in that the number of proposed class members is not less than 100 and the aggregated amount in controversy exceeds the sum specified in 28 U.S.C. § 1332(d).

7. **Diversity of Citizenship:** At all times herein mentioned, Plaintiff was and still is a citizen of the State of California. *See* Complaint ¶ 4. Plaintiff seeks to represent a class of "[a]ll California residents who, at any time during the applicable limitations period preceding the filing of [the] Complaint through the date of resolution, participated in one or more telephone conversations with the Doubletree central reservations call center from a cellular or cordless telephone located in California and whose calls with the Doubletree central reservations call center were recorded and/or monitored by Defendants surreptitiously or without disclosure." Complaint ¶ 20. At all times herein mentioned, Defendants were, at the time of the filing of the State Action, and still are, as of the date of this removal, organized in the State of Delaware and maintain their principal place of business in McLean, Virginia. Accordingly, there is sufficient "minimal diversity" under the Class Action Fairness Act of 2005 to merit removal. *See* 28 U.S.C. § 1332(d)(2)(A).

8. This diversity that exists in this action not only satisfies the minimal diversity of citizenship requirement under CAFA, but also precludes applicability of exceptions in 28 U.S.C. § 1332(d)(3) and (d)(4) because Defendants are not citizens of the forum state of California.

10. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332(d), 1441(b), 1446 and 1453.

3
NOTICE OF REMOVAL OF CIVIL ACTION

41222/018/ 1002610v1.6

11. Counsel for Defendants certifies, pursuant to 28 U.S.C. § 1446(d), that it will promptly give notice of filing this Notice of Removal to Plaintiff through her counsel of record and will promptly file with the Clerk of the Superior Court of the State of California, County of Alameda a copy of the Notice of Removal.

Dated: September 21, 2012

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP

By: _____
Randall J. Sunshine
Angela C. Agrusa
David B. Farkas
Attorneys for Defendants
Doubletree Management LLC and
Doubletree DTWC LLC

# EXHIBIT A

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover (SBN 136080)<br>KELLER GROVER LLP<br>1965 Market Street<br>San Francisco, CA 94103<br>TELEPHONE NO.: (415)543-1305 FAX NO.: (415)543-7861<br>ATTORNEY FOR *(Name)*: Plaintiffs LATROYA SIMPSON | FILED |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA<br>STREET ADDRESS: 725 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Martinez, CA 94553<br>BRANCH NAME: | 2012 JUL -3 P 1:01<br>K. TORRE, CLERK OF THE SUPERIOR COURT<br>COUNTY OF CONTRA COSTA, CAL.<br>By _____ Deputy |
| CASE NAME:<br>Simpson, et al. vs. Doubletree Management LLC, et al. | |
| CIVIL CASE COVER SHEET    Complex Case Designation<br>☑ Unlimited ☐ Limited ☐ Counter ☐ Joinder<br>(Amount (Amount<br>demanded demanded is    Filed with first appearance by defendant<br>exceeds $25,000) $25,000 or less)    (Cal. Rules of Court, rule 3.402) | CASE NUMBER: C12-01633<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☑ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: 1
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 3, 2012
Eric A. Grover
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A PAGE 5

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DOUBLETREE MANAGEMENT LLC; DOUBLETREE DTWC LLC; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LATROYA SIMPSON, individually and on behalf of a class of similarly situated individuals,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

2012 JUL -3 P 1:01

K. ROSE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**The name and address of the court is:**
*(El nombre y dirección de la corte es):*

Contra Costa County Superior Court
725 Main Street, Martinez, CA 94553

**CASE NUMBER:** C12-01633

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eric A. Grover (SBN 136080), KELLER GROVER LLP, 1965 Market St., San Francisco, CA (415)543-1305

**DATE:** JUL 3 - 2012
*(Fecha)*

**Clerk, by** M. COUSIN, **Deputy**
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Doubletree Management LLC
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

| | |
|---|---|
| 1 | ERIC A. GROVER (SBN 136080)<br>eagrover@kellergrover.com |
| 2 | CAREY G. BEEN (SBN 240996)<br>cbeen@kellergrover.com |
| 3 | KELLER GROVER LLP<br>1965 Market Street |
| 4 | San Francisco, California 94103<br>Telephone: (415) 543-1305 |
| 5 | Facsimile: (415) 543-7861 |
| 6 | SCOT BERNSTEIN (SBN 94915)<br>swampadero@sbernsteinlaw.com |
| 7 | LAW OFFICES OF SCOT D. BERNSTEIN,<br>A PROFESSIONAL CORPORATION |
| 8 | 101 Parkshore Drive, Suite 100<br>Folsom, California 95630 |
| 9 | Telephone: (916) 447-0100<br>Fax: (916) 933-5533 |
| 10 | |
| 11 | Attorneys for Plaintiff<br>LATROYA SIMPSON |

**FILED**

2012 JUL -3 P 1:01

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT _____

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| LATROYA SIMPSON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>DOUBLETREE MANAGEMENT LLC; DOUBLETREE DTWC LLC; and DOES 1 through 10, inclusive,<br>Defendants. | Case No: C12-01633<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**BY FAX** |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT A PAGE 7

## CLASS ACTION COMPLAINT

Plaintiff Latroya Simpson ("Plaintiff"), on behalf of herself and a class (the "Class") of similarly situated individuals as defined below, alleges on information and belief and the investigation by counsel as follows:

## INTRODUCTION

1. This class action lawsuit arises out of Defendants' policy and practice of recording and/or intercepting calls made to the telephone number 1-800-222-TREE (1-800-222-8733) without the consent of all parties. 1-800-222-TREE connects callers with DoubleTree central reservations. Defendants then intentionally and surreptitiously record and/or intercept (i.e., monitor) telephone calls made or routed to 1-800-222-TREE without warning or disclosing to callers that they are doing so. (The terms "intercept" and "monitor" are used interchangeably in this complaint.)

2. Defendants' policy and practice of recording and intercepting telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*). Specifically, Defendants' policy and practice violate Penal Code § 632.7, which prohibits the recording or intercepting (i.e., monitoring) of a communication made from a cellular or cordless telephone without the consent of all parties to the communication.

3. As a result of Defendants' violations, all individuals who called or were routed to 1-800-222-TREE and were recorded or monitored by Defendants surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

## PARTIES

4. Plaintiff Simpson is an individual and a resident of Sacramento, California, a city within the County of Sacramento.

5. DoubleTree Management LLC is a limited liability company organized under the laws of the State of Delaware with a principle place of business in McLean, Virginia. Plaintiff is informed and believes that DoubleTree Management LLC systematically and continuously does business in California and with California residents.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                                                    1

6. DoubleTree DTWC LLC is a limited liability company organized under the laws of the State of Delaware. Plaintiff is informed and believes that DoubleTree DTWC LLC systematically and continuously does business in California and with California residents.

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

8. "Defendants" means and refers to defendant DoubleTree Management LLC, defendant DoubleTree DTWC LLC, and the fictitiously named Defendants, each and all of them.

9. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and on that ground alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that each knew or should have known about and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all Defendants.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action under California Penal Code §§ 632.7 and 637.2.

11. This Court has personal jurisdiction over the parties because defendants continually and systematically have conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and arose out of her contact with Defendants from California.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF         2

12. Venue is proper in this Court because Code of Civil Procedure §§ 395 and 395.5 and case law interpreting those sections provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county that a plaintiff desires. On information and belief, Defendant DoubleTree Management LLC and Defendant DoubleTree DTWC LLC both are foreign business entities and each has failed to designate a principal place of business with the office of the Secretary of State as of the date this Complaint was filed.

### FACTUAL ALLEGATIONS COMMON TO THE CLASS

13. Plaintiff is informed and believes and on that ground alleges that DoubleTree central reservations connects callers to central reservations for DoubleTree; that the central reservations system is owned and operated by Defendants; and that all DoubleTree hotels, including DoubleTree franchises, are required to participate in the central reservations system.

14. Plaintiff is informed and believes and on that ground alleges that Defendants' employees and agents at the central reservations call center receive incoming calls from callers including California callers.

15. Plaintiff is informed and believes and on that ground alleges that Defendants intentionally have used technology consisting of hardware and/or software to carry out a practice and policy of recording and/or intercepting (i.e., monitoring) those calls made to the central reservations call center.

16. Plaintiff is informed and believes and on that ground alleges that Defendants' employees and agents at the central reservations call center were directed, trained, and instructed to, and did, record and/or monitor telephone calls between the central reservations call center and callers, including California callers.

17. During the time period from February and July 2011 and in September 2011, Plaintiff called 1-800-222-TREE from California using her cellular telephone. Plaintiff called 1-800-222-TREE to inquire about hotel rates and/or to make reservations. Accordingly, during her phone call with Defendants, Plaintiff shared sensitive personal information with Defendants, including her name and/or credit card information.

18. During Plaintiff's telephone calls to Defendants, Defendants failed to disclose to Plaintiff that her telephone conversation with Defendants was being recorded and/or monitored. Plaintiff did not give and could not have given consent for the telephone calls to be recorded or monitored because she was unaware that Defendants were engaged in that practice during the telephone calls. Plaintiff is informed and believes and on that ground alleges that callers who called or were routed to 1-800-222-TREE were not informed by Defendants or anyone else that their calls were being recorded and/or monitored. Thus, that recording and/or monitoring necessarily occurred without the callers' knowledge or consent.

19. Because there was no warning that calls would be recorded or monitored, Plaintiff had a reasonable expectation that her telephone conversation with Defendants' employees and agents was, and would remain, private and confined to the parties on the telephone. That recording and/or monitoring without her consent is highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the proposed Plaintiff Class.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action under California Code of Civil Procedure § 382 on behalf of herself and the class (the "Class") defined as follows:

> All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with the DoubleTree central reservations call center from a cellular or cordless telephone located in California and whose calls with the DoubleTree central reservations call center were recorded and/or monitored by Defendants surreptitiously or without disclosure.

21. The Class Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using the Defendants' records and/or Defendants' telephone company's or other toll-free service provider's records regarding calls to 1-800-222-TREE to determine the size of the Class and to determine the identities of individual Class members. Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF 4

or modify the Class definitions or to add subclasses or limitations to particular issues.

22. By their unlawful actions, Defendants have violated Plaintiff's and the Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq*. The questions raised are, therefore, of common or general interest to the Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

23. Plaintiff's claims are typical of those of the Class, as Plaintiff now suffers from the same violations of the law as other putative Class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions to represent her and the Class, and Plaintiff will fairly and adequately represent the interests of the Class.

24. This action may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is ascertainable.

**Numerosity**

25. Based on information and belief, the Class consists of at least seventy-five individuals, making joinder of individual cases impracticable.

**Typicality**

26. Plaintiff's claims are typical of the claims of all of the other members of the Class. Plaintiff's claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other Class members.

**Common Questions of Law and Fact**

27. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

    a. Whether Defendants have a policy or practice of recording and/or intercepting telephone calls made to the DoubleTree central reservations call center;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF  5

b. Whether Defendants have a policy or practice of not disclosing to callers whose calls are recorded and/or intercepted that their conversations with the DoubleTree central reservations call center would be recorded and/or monitored;

c. Whether Defendants have a policy or practice of not obtaining callers' consent to record and/or monitor telephone calls made to the DoubleTree central reservations call center;

d. Whether Defendants violated California Penal Code § 632.7 by recording and/or monitoring telephone conversations between callers and the DoubleTree central reservations call center surreptitiously and without disclosure;

e. Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for every violation of Penal Code § 632.7.

**Adequacy**

28. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the other Class members and have the financial resources to do so. Neither Plaintiff nor her counsel have any interests adverse to those of the other Class members.

**Superiority**

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court

system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties and protect the rights of each Class member. Further, it will prevent the very real harm that would be suffered by numerous putative Class members who simply will be unable to enforce individual claims of this size on their own, and by Defendants' competitors, who will be placed at a competitive disadvantage as their reward for obeying the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

30. The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications or that would substantially impair or impede the ability of those non-party Class members to protect their interests.

31. The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendants.

32. Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole as requested herein. Likewise, Defendants' conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

### FIRST CAUSE OF ACTION

**Unlawful Recording and Intercepting of Communications against All Defendants**

**(Violation of California Penal Code § 632.7)**

33. Plaintiff incorporates each allegation set forth above as if fully set forth herein and further alleges as follows.

34. Plaintiff participated in at least one telephone call that she made from California with Defendants' employees or agents at the DoubleTree central reservations call center and is informed and believes that she initiated it through a call to the telephone number 1-800-222-TREE. Plaintiff used a cellular telephone to engage in the conversations.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        7

35. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, Defendants had a policy and practice of using a telephone system that enabled them to surreptitiously record and/or monitor conversations between Plaintiff and Class members using cellular or cordless telephones and the DoubleTree central reservations call center.

36. Plaintiff is informed and believes and on that ground alleges that Defendants had and followed a policy and practice of intentionally and surreptitiously recording and/or monitoring Plaintiff's and Class members' cellular and cordless telephone conversations with the DoubleTree central reservations call center.

37. Plaintiff is informed and believes and on that ground alleges that Defendants had and followed a policy and practice of not advising or warning Plaintiff or Class members that their cellular and cordless telephone communications with the DoubleTree central reservations call center would be recorded and/or monitored. Because Defendants did not disclose to Plaintiff or Class members that their calls were being recorded and/or monitored, Defendants did not obtain, and could not have obtained, Plaintiff's or Class members' express or implied advance consent to the recording or monitoring of those conversations. As a result, Plaintiff and Class members had an objectively reasonable expectation that their calls were not being recorded and/or monitored. That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording people's conversations, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place. As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

38. Defendants' conduct as described above violated California Penal Code §

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          8

632.7(a). Under Penal Code § 637.2, Plaintiff and Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature. Plaintiff and Class members also are entitled to injunctive relief to enjoin further violations.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, prays for the following relief:

a. An order certifying the Class and appointing Plaintiff representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

b. An order declaring that the actions of Defendants, as described above, violate California Penal Code § 632.7;

c. A judgment for and award of statutory damages to Plaintiff and the members of the Class pursuant to California Penal Code § 637.2;

d. A permanent injunction under Penal Code § 637.2 enjoining Defendants from engaging in further conduct in violation of California Penal Code § 630, *et seq;*

e. Payment of costs of the suit;

f. Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

g. An award of pre- and post-judgment interest to the extent allowed by law; and

h. For such other or further relief as the Court may deem proper.

Respectfully submitted,

Dated: July 3, 2012

**KELLER GROVER LLP**

_____
Eric A. Grover
Attorney for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          9

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: July 3, 2012

Respectfully submitted,

**KELLER GROVER LLP**

_/s/ Eric A. Grover_

Eric A. Grover
Attorney for Plaintiff