**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATROYA SIMPSON, | |
| Plaintiff, | No. C 12-04928 JSW |
| v. | No. C 12-05169 JSW |
| DOUBLETREE MANAGEMENT LLC, *et al.*, | |
| Defendants. | **ORDER GRANTING MOTIONS TO TRANSFER** |
| ANDRE MCMAHON and LATROYA SIMPSON, | |
| Plaintiffs, | |
| v. | |
| EMBASSY SUITES MANAGEMENT LLC, | |
| Defendant | |

Now before the Court are the motions to dismiss and motions to transfer filed by defendants Embassy Suites Management LLC ("Embassy Suites") and DoubleTree Management and DoubleTree DTWC LLC (collectively, "DoubleTree"). The Court finds that these matters are appropriate for disposition without oral argument and are hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for March 22, 2013 is HEREBY VACATED. Having carefully reviewed the parties' papers and considered their arguments and

the relevant legal authority, and good cause appearing, the Court hereby finds that these actions should be transferred.[1]

**BACKGROUND**

Plaintiff Latroya Simpson filed this purported class action against DoubleTree and plaintiffs Latroya Simpson and Andre McMahon filed their purported class action against Embassy Suites. Plaintiffs in both actions accuse defendant hotels of improperly recording calls made to them without their consent. Another plaintiff brought a purported class action with the same allegations against Hilton Worldwide, Inc. in the United States District Court for the District of Central California, *Young v. Hilton Worldwide, Inc., et al.*, Case No. CV 12-1788 (C.D. Cal.). DoubleTree and Embassy Suites argue that the two cases here are related to the *Young* case in the Central District and, thus, that these two cases should be transferred to the Central District.

**ANALYSIS**

**I.  Legal Standard.**

Pursuant to 28 U.S.C. to § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally, for the convenience of the parties and witnesses, and in the interest of justice. The burden is on the moving party to demonstrate that the action should be transferred. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

District courts use a two-step analysis to determine whether transfer is proper. Step one considers the threshold question of whether the action might have been brought in the district to which transfer is sought. *Id.* If venue is proper in the transferee district, the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The court considers relevant factors, such as the plaintiff's choice of forum, the local interest in the issue, the relative ease of access to evidence, the availability of compulsory

---

[1] Because the Court is granting Embassy Suites' and DoubleTree's motions to transfer, the Court will not address the pending motions to dismiss.

2

process for unwilling witnesses and the cost involved in securing willing witnesses, the familiarity of each forum with applicable law, and the relative court congestion in each forum. *Decker Coal. Co. v. Commonwealth Edison Co*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

**II.     Transfer of Venue is Appropriate.**

    **A.     Venue is Proper in the Central District of California.**

There is no dispute that Plaintiffs could have brought these suits in the Central District of California. Accordingly, DoubleTree and Embassy Suites have met their burden under the first prong.

    **B.     Convenience Factors.**

        **1.     Plaintiffs' Choice of Forum.**

Typically, a court should give substantial weight to the plaintiff's choice of forum unless the defendant can make a strong showing of inconvenience. However, here, Plaintiffs' choice of forum is afforded less deference because these cases have both been brought as class actions. "When an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg* 834 F.2d 730, 739 (9th Cir. 1987); *see also Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, 2003 WL 22387598, *3 (N.D. Cal. Oct. 14, 2003) ("Finding that the plaintiff's "choice of forum [was] entitled to little if any weight ... because the weight accorded a plaintiff's choice of forum is greatly reduced when he sues in a representative capacity."). Moreover, neither of the named plaintiffs reside in this district. Accordingly, Plaintiffs' choice of forum is not given much weight.

        **2.     Convenience of Parties and Witnesses.**

None of the parties reside in this district. Plaintiffs seek to represent California-wide classes. The convenience of the parties and witnesses is a relatively neutral factor here.

        **3.     Public Convenience Factors.**

In addition to private convenience factors, the Court takes into account public convenience factors, such as the local interest in the action, the familiarity of the forum with the applicable law, and the administrative difficulties flowing from court congestion.

3

1    Both this Court and the courts in the Central District are equally capable of applying
2 California law which governs this case.  Additionally, the Northern District's average trial time
3 is only slightly greater than the average time to trial in the Central District.  Therefore, this
4 factor is relatively neutral.

**C.     Interest of Justice.**

The Court must also consider whether transferring these cases will serve the interest of justice.  *Decker Coal*, 805 F.2d at 843.  Considerations of the interests of justice include "whether efficient and expeditious administration of justice would be furthered."  *Sherar v. Harless*, 561 F.2d 791, 794 (9th Cir. 1977).  This factor appears to be the most important and applicable in this case, considering that the *Young* Action has already been heard in the Central District.

DoubleTree and Embassy Suites show that they are both owned by Hilton Worldwide, Inc., the same defendant in *Young*.  The plaintiff in *Young* alleged he called the Hilton Reservations Worldwide, LLC doing business as Hilton Reservations and Customer Care ("Hilton Reservations") to ask about hotel rates and/or to make hotel reservations at the Hampton Inn.  He further alleged that the defendant hotel recorded, monitored, or eavesdropped on their calls without obtaining their consent, in violation of a California penal provision.  Plaintiffs in the above captioned cases assert the same allegations against DoubleTree and Embassy Suites.

DoubleTree and Embassy Suites further show that Hilton Worldwide, Inc. operates the reservation call centers that service calls for hotels for all of its brands, including the Hampton Inn, DoubleTree, and Embassy Suites.  Because the same call centers answer calls for all three hotels, the Court finds that the cases are all related and, thus, judicial economy would be served by transferring these matters to the Central District.

Accordingly, the Court finds that DoubleTree and Embassy Suites have met their burden to demonstrate that in the interests of justice, this action should be transferred to the Central District.

4

**CONCLUSION**

For the foregoing reasons, the Court GRANTS DoubleTree and Embassy Suites's motions to transfer to the Central District of California. The clerk shall transfer the files forthwith.

**IT IS SO ORDERED.**

Dated: March 18, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE